

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 7, 1972

Maj. Gen. Ross Ayers
Adjutant General of Texas
P. O. Box 5218
Austin, Texas

ATTENTION: Lt.Col. Richard K. Day
        Inspector General

Opinion No. M- 1209

Re: Whether Sec. 10, Art. 5783, V.C.S., applies to the Texas State Guard and constitutes authority to expend State funds for payment of medical expenses resulting from the injury of a Texas State Guardsman during an authorized duty service.

Dear Sir:

    In connection with your recent opinion request concerning the above captioned matter, you have given us the following information:

> "On 18 April 1972, SGT Charles R. Hicks; a member of the Texas State Guard as reflected in Section 2, Article 5768, Title 94, Vernon's Annotated Revised Civil Statutes of Texas; was engaged in an authorized training assembly of his unit at the Odessa Texas Army National Guard Armory. During a class concerning "crowd control", SGT Hicks was thrown to the concrete armory floor by another member of the Texas State Guard. SGT Hicks struck his head on the floor and has required medical treatment the cost of which totals $1,787.33 as of this date.

> "It is anticiptated that SGT Hicks will seek payment of his medical bills by the State of Texas under the provisions of Section 10, Article 5783, Title 94, Revised Civil Statutes of Texas, 1963, as amended by H.B. 108, 60th Legislature, Regular Session."

You have further advised that the Adjutant General's Department has not in the past recognized the compensability of such a claim by a member of the Texas State Guard when not called to active duty by the Governor and that the Department has made no attempt to prescribe rules and regulations for the training or other operations of the Texas State Guard to carry out the provisions of Articles 5765-5786, Vernon's Civil Statutes. Your request poses the following questions:

> "a. Are the provisions of Section 10, Article 5783, Title 94, Revised Civil Statutes of Texas, as amended, applicable to the Texas State Guard or solely to the Texas National Guard?

> "b. If the provisions of the law are applicable to the Texas State Guard, is the Adjutant General of Texas authorized to expend appropriated State funds for payment of medical expenses resulting from injury of Texas State Guard personnel which were incurred during an authorized duty status as reflected in Section 10(a) Article 5783, Title 94, Revised Civil Statutes of Texas, as amended, and if so, what State fund citation should be employed?"

In answer to your first question, please be advised that we have concluded that the provisions of Section 10 of Article 5783 are applicable to the Texas State Guard. This statute was a part of S.B. No. 279 (Acts, 58th Leg., R.S. 1963, Chapter 112, p.209), which was described in its caption "An Act amending and revising Chapter 3, Title 94 of the Revised Civil Statutes of Texas 1925, as amended, relating to the National Guard and other State Military Forces. . ." (Emphasis added.) Sections 5,6,7,8,10, 11 and 13 of Article 5783 contain provisions more comprehensive than the National Guard and cover the "Military Forces" of this state or the "State Military Forces."

The very next regular session of the Legislature two years later enacted H.B. No. 410 (Acts, 59th Leg.,R.S., 1965, Chapter 690, p.1601), of which Article 5765 is a part, and described in its caption as "An Act amending

and revising Chapters 1 and 2, Title 94, Revised Civil
Statutes of 1925, as amended, and certain other laws, as
amended, relating to the State Militia. . ."

Article 5765, Section 1, states in part:

> "The militia of this State shall be divided
> into two classes, the Active and Reserve Militia.
> The Active Militia, herein referred to as the
> State Military Forces, shall consist of the
> organized and uniformed military forces of this
> State which shall be known as the Texas Army
> National Guard, the Texas Air National Guard,
> the Texas State Guard, and any other militia or
> military force organized under the laws of this
> State; the reserve militia shall consist of all
> of those liable to serve, but not serving, in the
> State Military Forces. . ."

The Emergency Clause of the bill, Section 4, recites:

> "The fact that there exists an urgent need
> that the laws relating to the State Militia, State
> Military Forces, and Texas State Guard be revised
> and amended so as to complete the revision of
> the laws relating to the State Military Forces
> which was commenced by the 58th Legislature
> creates an emergency and an imperative public
> necessity. . . ."

Section 10(a) of Article 5783 states in pertinent part:

> "Every member of the Military Forces of this
> state who shall be wounded, disabled or injured,
> or who shall contact any disease or illness, in
> line of duty while in the service of this state
> in case of riot, tumult, breach of the peace,
> resistance to process, invasion, insurrection or
> imminent danger thereof, or whenever called upon
> in aid of the civil authorities, or when partici-
> pating in any training formation or activity
> under order of the commanding officer of his
> unit, or while traveling to or from his place
> of duty in such instances, shall be entitled to

and shall receive, or be reimbursed for, hospita-
lization, rehospitalization, and medical and
surgical care in a hospital and at his home
appropriate for the treatment of such wounding,
disability, injury, disease or illness, and necessary
transportation incident thereto so long as such
wounding, disability, injury, disease or illness
exists, and shall receive the same pay and allow-
ance whether in money or in kind, to which he
was entitled at the time when the injury was
incurred or the disease or illness contracted,
during the period of his disability but not for
more than a total of twelve (12) months after
the end of his tour of duty." (Emphasis added.)

Section 10(d) of Article 5783 provides that the Adjutant
General shall administer the provision of this Act and shall
prescribe such rules and regulations as may be necessary to
carry out the provisions of the Act.

The Texas State Guard is declared by Article 5768, Vernon's
Civil Statutes, to be a defense force which Congress has
authorized pursuant to 32 U.S.C.A., Section 109, and for this
reason it is a part of the State Militia authorized by federal
law.

The cited statutes having the same general subject and
purpose and relating to the same class of persons, the
military forces of the state, must be considered as being
in pari materia even though they were passed at different
sessions of the legislature. 53 Tex.Jur.2d 280, Statutes,
Sec. 186; Wintermann v. McDonald, 129 Tex. 275, 102 S.W.
2d 167 (1937); State v. Dyer 145 Tex. 586, 200 S.W.2d 813
(1947).

It is, therefore, our opinion that under Article 5784,
Section 10, that if the Adjutant General decides after
investigation and a hearing, that Sgt. Hicks injury was in
line of duty or a result thereof when participating in
training activity under orders of the commanding officer
of his unit, Sgt. Hicks is entitled to receive or be reim-
bursed for hospitalization, medical and surgical care
under that statute.

In answer to your second question as to what state fund may be used to compensate Sgt. Hicks, we observe that there is an appropriation sufficient in law for such purpose provided for the Adjutant General's Department. Item 9 of Article III-1, Chapter 1047, page 3500, 62nd Legislature, R.S. 1971:

"Martial Law and emergency use of troops, expense of courts martial, <u>and for medical and hospital service fees</u> and wages:

A.  Emergency Pay of Troops          $ 2,000.

B.  <u>Riot Control Training</u>
    <u>(Texas State Guard)</u>          $15,000."

(Emphasis added.)

In our opinion, Sgt. Hick's claim may be paid out of that appropriation. If that appropriation has been previously exhausted, Sgt. Hick's claim could be paid by a subsequent legislature, assuming the Adjutant General makes the decision to approve the claim.

## - S U M M A R Y -

The compensation provisions of Section 10, Article 5783, V.C.S., are applicable to members of the Texas State Guard when injured in line of duty during a training assembly involving riot control, and the approved claim by the Adjutant General's Department may be paid out of its 1971 Appropriation for riot control training.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kerns Taylor
Assistant Attorney General

Maj. Gen. Ross Ayers, page 6 (M-1209)


APPROVED:
OPINION COMMITTEE

W. F. Allen, Acting Chairman

Roger Tyler
Ronald Luna
Max Flusche
James Hackney

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant